# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **P.D.**

**No. 25-188** (Lewis County CC-21-2023-JA-45)

## MEMORANDUM DECISION

Petitioner Mother G.D.[1] appeals the Circuit Court of Lewis County's February 12, 2025, order terminating her parental rights to P.D. and the February 28, 2025, order granting a permanent injunction against her contact with the child.[2] She argues that the DHS's petition was not based on conditions that existed at the time of its filing and that the circuit court erred in limiting her participation at the preliminary hearing, both of which she alleges deprived the court of subject matter jurisdiction. She further argues that the court erred in finding that there was no evidence "that parental alienation [was] practiced against her by the father" and in granting the injunction against her. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings are reviewed for clear error, and issues of law are reviewed de novo. Syl. Pt. 1, In re K.S., -- W. Va. --, -- S.E.2d --, 2026 WL 1362143 (W. Va. May 15, 2026). However, we are unable to properly review the petitioner's appeal in this matter because of fatal deficiencies in the petitioner's appendix record before this Court. According to Rule 7(b) of the West Virginia Rules of Appellate Procedure, "[e]ach page of an appendix must be clearly numbered in a sequential fashion so as to permit each page to be located by reference to a single page number." In the present appeal, the petitioner has failed to include any page numbers on her appendix, which totals almost 3,000 pages. Additionally, Rule 10(c)(7) of the Rules of Appellate Procedure requires that a petitioner's "brief . . . must contain appropriate and specific citations to the record on appeal." Critically, "[t]he Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs with arguments that . . . do not 'contain appropriate and specific citations to the record on appeal . . .'

---

[1] The petitioner is self-represented. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Respondent Father C.D. appears by counsel Shannon R. Thomas and Connor L. Thomas. Counsel Dara Acord appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

as required by rule 10(c)(7)" are not in compliance with this Court's rules. In that order, the Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rules of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'"

While we recognize that the petitioner's forty-one-page brief contains extensive citations to the appendix record, these citations are of little use when the appendix lacks the required numbering. "As we have stated, '[j]udges are not like pigs, hunting for truffles buried in briefs[,]' *State Department of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), and the same observation may be made with respect to appendix records." *Multiplex, Inc. v. Town of Clay*, 231 W. Va. 728, 731 n.1, 749 S.E.2d 621, 624 n.1 (2013). Finally, we stress that

> "[a]n appellant must carry the burden of showing error in the judgment of which [s]he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus Point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

Syl. Pt. 2, *W. Va. Dep't of Health & Hum. Res. Emp. Fed. Credit Union v. Tennant*, 215 W. Va. 387, 599 S.E.2d 810 (2004). Because the petitioner's brief is inadequate as it fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure and our December 10, 2012, administrative order, and because these deficiencies necessarily preclude the petitioner from showing error in the judgment below, we decline to address her assignments of error on appeal.

For the foregoing reasons, the circuit court's February 12, 2025, and February 28, 2025, orders are hereby affirmed.

Affirmed.

**ISSUED**: June 1, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Thomas H. Ewing
Justice Gerald M. Titus III

**DISSENTING:**

Justice Charles S. Trump IV

2